## JAGGERS *v.* SPARKS, RECEIVER.

### Opinion delivered January 29, 1917.

1. BILLS AND NOTES—PURCHASE OF PATENTED ARTICLE—COMPLIANCE WITH STATUTE—BURDEN OF PROOF.—A note given as part of the purchase price of a patented article, comes within the terms of Kirby's Digest, § 513, which requires the note to be executed on a certain form, but when the defendant sets up that the statute has not been complied with, the burden is upon him to show that fact.

2. BILLS AND NOTES—PURCHASE OF PATENTED ARTICLE—FORM OF NOTE—DEFENSE MUST BE SET UP, WHEN.—The defense that a note given in the purchase of a patented article does not comply with the statute, cannot be raised for the first time on appeal.

3. EVIDENCE—LOST NOTE—ORAL PROOF.—Where it is shown that a note, which is the subject of the suit, has been taken from the State, improperly, by one who has been made a party to the action, a recovery may be had on the note upon oral proof.

4. BILLS AND NOTES—LOST NOTE.—Recovery may be had by a receiver, upon a note endorsed to a bank, and held among its assets, where the same is past due, and has been wrongfully taken from the jurisdiction of the court, without the production of the note.

5. BILLS AND NOTES—SUIT TO COLLECT BY RECEIVER—RELEASE OF NOTE BY PREVIOUS HOLDER.—A release of a note and mortgage executed after a receiver has been appointed for the holder bank, will not be effective to discharge the obligation of the same.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*Davies & Davies*, for appellant.

1. The note was void and the mortgage to secure it was also void. Jones on Mortg. (3 ed.), § 619, p. 488; 75 Ark. 331; 88 *Id.* 202.

2. Plaintiff has not established any ownership to either the note or account for the goods sold. The goods had been paid for when the note was signed.

3. The suit could not be maintained because the patent company had not complied with the foreign corporation law.

4. The plea of former adjudication that the note was void on account of having been given for a patented article was good; but if erroneous it could only be corrected by appeal. 88 Ark. 302; 114 S. W. 700.

5. The note was never in the possession of the receiver, nor was it put in evidence. 75 Ark. 331. Besides, it was void. 88 *Id.* 302.

6. If the note was lost, indemnity must have been tendered. Dan. on Neg. Inst. (6 ed.), § 1480. Possession is necessary to bring suit. *Ib.*, § 1201; 89 Ark. 435; 102 *Id.* 422.

7. Maxey was not an innocent purchaser. Appellant had settled with Lemoine and Maxey and the mortgage had been released.

*C. Floyd Huff,* for appellee.

1. The note and mortgage were an asset of the bank and appellant admitted her liability. The note is and was outside the jurisdiction of the court and could not be had. The court could make no binding order in reference thereto. It was, however, returned by Maxey afterwards.

2. The question of *res adjudicata* is not established by the record. No final adjudication of the case had been made. The only final decree was on April 20, 1916.

3. The note was not void. 127 Fed. 206. There is no evidence as to whether the note did or did not show on its face the absence of any reference to a patented article.

4. There is an entire lack of evidence that the obligation had reference to a transaction with a foreign corporation who had not complied with the laws of Arkansas.

The chancellor's opinion settles all the points raised against appellant and there is abundant evidence to sustain his findings and decree.

McCULLOCH, C. J. This is an action instituted in the chancery court of Garland county to recover the amount of a promissory note executed by appellant, and to foreclose a deed of trust executed by appellant to secure said note. C. C. Sparks, as receiver, appointed by the chancery court of Garland county in a certain cause pending therein, and E. H. Johnson, trustee in

the mortgage executed by appellant, were the plaintiffs below.   The note sued on was for the sum of $2,000.00 and was executed by appellant to H. J. Fenelon, and by Fenelon assigned to R. E. L. Maxey.

The receiver was appointed in a certain action instituted in the chancery court of Garland county by one Cushman against R. E. L. Maxey and the United States Steel Railway Tie Company Bank, in which Cushman as creditor of the bank asked for a receiver to take charge of the assets of the bank on account of insolvency and collect the same for the purpose of paying the debts.   Maxey was connected with the bank as one of its officers, and it was alleged that he held the securities of the bank, and there was an order made directing him to turn them over to the receiver.   Maxey was, as before stated, a party to that suit, and demand was made on him by the receiver to turn over the particular note now in suit, and he promised to do so, but absconded and went to the State of Pennsylvania without complying with the demand of the receiver.   The note, as originally executed, was for the sum of $2,000.00, and there was a payment of $600.00 thereon, leaving a balance of $1,400.00, and it is alleged in the complaint that the note was purchased by Maxey from Fenelon with assets of the bank and for the bank.   On the final hearing of the cause the chancery court rendered a decree in favor of appellee for a recovery of the amount of the note and foreclosure of the mortgage, and an appeal has been prosecuted.

Several grounds are stated on behalf of appellant why the decree is erroneous and should be reversed. In the first place it is contended that the note is void for the reason that it was executed as a part of the price of certain patented articles purchased from the Domestic Utilities Manufacturing Company, a foreign corporation, and that the note was not executed on a printed form showing upon its face that it was given in consideration of a patented article, as required by statute. Kirby's Digest, Sec. 513.   It is set forth in the answer that the note was executed to Fenelon as a part of the

purchase price of patented articles purchased from the Domestic Utilities Manufacturing Company, but there is no evidence in the record tending to show that the note was not on a printed form or that it failed to state on its face the fact that it was executed in consideration of the sale of patented articles.

(1-2)   The note was not produced—it being shown that the receiver was unable to produce it for the reason that Maxey had absconded and carried it with him to another State—and there was no evidence introduced on that subject at all.   Appellant admitted the execution of the note, but made no effort to prove that it was not in the form prescribed by the statute.   It appears from the evidence that appellant purchased from the aforesaid corporation a list of patented articles consisting of washers and ovens.   Fenelon was the agent of the selling corporation and accounted to his principal for the purchase price, but took the note in suit as the portion of the purchase price which fell to him as his commission.   The fact that the note represented a part of the purchase price of the patented articles brings it within the operation of the statute, but in order to defeat the collection of the note it must appear that the statute was not complied with as to the form of the note.   The presumption cannot be indulged that the law was violated, and it devolved upon appellant to show that as a matter of defense.   The note itself was the best evidence of that fact, and ordinarily should have been produced, but the inability of the plaintiff to produce the note was established, and the form of the note was a matter within the knowledge of appellant, upon which he could have given testimony. There was no effort made below to develop this defense, and it is too late now to ask this court to reverse the judgment on the ground that the note was not in proper form.

(3)   Again it is contended that it was error to render a judgment in favor of the receiver without requiring him either to produce the note or prove that it had been lost.   It was a negotiable note, but it was

past due at the time of the institution of this suit, and the proof shows that it was in the hands of Maxey in a foreign jurisdiction.   Maxey was a party to the original cause in which the receiver was appointed, and was amenable to the order of the court directing him to turn over that and other assets of the bank, and it is alleged that this note constituted a part of the assets of the bank.   In fact, there is direct testimony to the effect that the note had in fact been endorsed by Maxey to to the bank and placed among the assets of the bank. At any rate, the receiver, acting under orders of the court, succeeded to the rights of both Maxey and the bank, who were parties to the action, and he had a right to maintain an action on the note.   The receiver should have been required to produce the note and file it as a part of the record in the case if it was within his control, but the proof shows it was entirely beyond his control and outside of the jurisdiction of the court.   It would operate as a complete defeat of the ends of justice to say that the receiver is barred from maintaining an action because the note cannot be produced, even though the proof shows that it is still in existence.

(4)   Neither is it a case of exposing the maker of the note to the peril of a second suit by a subsequent holder of the note, for it is past due and at the time of the institution of this suit was in the hands of Maxey, who could not thereafter transfer it to another person so as to create any greater rights than he had.   The right on the part of the receiver to maintain this action, under the circumstances, is likened to an action on a lost instrument where it devolves upon the plaintiff to prove his inability to produce the instrument and to furnish to the defendant indemnity against second liability to a subsequent holder, if in the discretion of the court it is found that such indemnity should be given.   *German National Bank* v. *Moore*, 116 Ark. 490.   The court was not asked to require the receiver to furnish indemnity and we are not called on to review the exercise of the court's discretion in that respect.   It is clear, however, that the court would have been justified under the proof

in this case in refusing to compel indemnity, inasmuch as the money was to be held under the orders of the court and the rights of the parties could in that way have been protected.

We are of the opinion, therefore, that the court was correct in holding that the proof was sufficient to justify a court of equity in rendering a decree in favor of the receiver for the amount of the note, notwithstanding the fact that the note itself was not produced.    A consideration of the evidence leaves no escape from the conclusion that the note was. in the hands of Maxey and had not been assigned to any third party, and Maxey is bound by the decree for the reason that he was a party to the action in which the receiver was appointed.

(5)    Appellant produced in evidence a release of the mortgage executed by Maxey, but this cannot defeat the foreclosure for the reason that the release was given after the appointment of the receiver, when Maxey had no right to give such a release.    Indeed, the proof shows that this release was given after the institution of this particular suit in which recovery is sought on the note.

Finally, it is urged that the right to recover on the note was barred by a former action in which it was held that the note was void.    The former suit in which it is claimed there was an adjudication of the question now involved was one instituted by the receiver joining with him the Domestic Utilities Manufacturing Company against appellant to recover on the original contract of sale of the patented articles.    It was not a suit on the note, and the court in dismissing the complaint for want of equity decided only that there was no right of action on the part of the receiver on the original contract of purchase, but that the dismissal should be "without prejudice to a future action" by the receiver on the note.    Nothing could have been adjudicated in that case except the right to recover on the cause of action stated in the complaint, and the dismissal without prejudice to the receiver's right to sue on the note

expressly excluded the adjudication of questions concerning liability on the note.

The chancellor delivered a written opinion in that case reviewing the evidence, which is brought into the present record, and there are expressions in the opinion which would indicate the view that the note was void because it was not executed in the form required by the statute, but those expressions did not reach to the point then being adjudicated, for it is plain from the language of the decree itself that the court meant to reserve for future litigation the question of the right of the receiver to recover on the note. We are of the opinion, therefore, that there has been no adjudication which barred the present action.

We are convinced upon the whole record that the decree was correct and should be affirmed. It is so ordered.